UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JENNIFER SZATKIEWSKI
    Plaintiff

-vs-                                      Case No.
                                          Hon.

WILLIAMS & FUDGE, INC.
DOE CORPORATION I,
DOE CORPORATION II,
    Defendant.

## COMPLAINT & JURY DEMAND

*Jennifer Szatkiewski states the following claims for relief:*

### Jurisdiction

1. This case presents federal claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. These federal claims raise a federal question, and federal question jurisdiction arises under 28 U.S.C. §§1331,1337.

3. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

4. The Plaintiff to this lawsuit is Jennifer Szatkiewski who resides in Chesterfield, Michigan.

5. The Defendants to this lawsuit are;

    a. Williams & Fudge, Inc. ("Williams & Fudge") which is a corporation doing business in Michigan.

  b.  Doe Corporation I, a debt collector or creditor doing business in Michigan.

  c.  Doe Corporation II, a debt collector or creditor doing business in Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Macomb County.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. Ms. Szatkiewski is the victim of an identity thief and/or has been wrongfully associated with the charged off and past due debts of another an individual.

9. For at least the past five years, she has been hounded by creditors and debt collectors for debts that she does not owe, including subjected to countless collection calls to her cell phone from Doe Corporation I and Doe Corporation II, whose corporate names she has yet to identify.

10. One of the debt collector she has been able to identify is Williams & Fudge.

11. Williams & Fudge was engaged by to collect a student loan debt allegedly owed by Jennifer Whitmore; alternatively Williams & Fudge purchased a student loan debt which was allegedly owed by Jennifer Whitmore.

12. Ms. Szatkiewski does not personally know the person who took out these loans loan or how it came to be associated with her name.

13. Ms. Szatkiewski does not know the identity of the original creditors for whom Doe Corporation 1, and Doe Corporation 2 sought to collect.

14. For a reason unknown to Ms. Szatkiewski, Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 associated Ms. Szatkiewski with Ms. Whitmore and began making contacts

with her to collect the debt using automated telephone dialing equipment and automated voice messages regulated by the TCPA.

15. Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 began a telephone campaign to collect these loans by Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 and called Ms. Szatkiewski's cell phone repeatedly and continuously, often multiple times in a day or week.

16. Williams & Fudge sent a letter addressed to Ms. Whitmore at Ms. Szatkiewski's address and demanded payment of the student loan.

17. Ms. Szatkiewski did not take out any of the debt that Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 sought to collect from the intended recipient of the phone calls to Ms. Szatkiewski's cellular phone.

18. Ms. Szatkiewski was the subscriber for the cellular telephone to which the calls were placed

19. Ms. Szatkiewski maintained the service for that cellular phone via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

20. Ms. Szatkiewski carried this phone with her own personal convenience to maintain contact with her family and friends and to have an emergency contact.

21. Ms. Szatkiewski never provided her telephone number to any of the creditors who Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 sought to collect for.

22. Ms. Szatkiewski did not provide her consent for Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 or their creditors to call her cellular phone.

23. In each of these calls, Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 used

an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Ms. Szatkiewski on her cellular telephone.

24. In these calls, Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 used a "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A) to communicate with Ms. Szatkiewski on her cellular telephone.

25. The calls from Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 have caused Ms. Szatkiewski numerous interruptions and disruptions to the point that Ms. Szatkiewski has had to cancel her phone service to avoid contacts from Williams & Fudges, Doe Corporation 1 and Doe Corporation 2.

## COUNT I – Fair Debt Collection Practices Act
### (Williams & Fudge, Doe Corporation 1, and Doe Corporation 2)

26. Ms. Szatkiewski incorporates the preceding allegations by reference.

27. At all relevant times Williams & Fudge – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 are each a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

29. At all times relevant to this complaint, Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 sought to collect a "consumer" debt from Ms. Szatkiewski.

30. Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 caused Ms.Szatkiewski's telephone to ring or engaged any Ms.Szatkiewski telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass her.

31. Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 sought to collect debts from Ms.Szatkiewski notwithstanding the fact that she was not the actual debtor and owed

nothing.

32. Ms. Szatkiewski has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.* (Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 )

33. Ms. Szatkiewski incorporates the preceding allegations by reference.

34. Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Ms. Szatkiewski.

*35.* As a result of Williams & Fudge's, Doe Corporation 1's, and Doe Corporation 2's negligent violations of the TCPA, Ms. Szatkiewski may recover statutory damages of $500.00 for each and every call in violation of the statute.

36. Alternatively, Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 knowingly or wilfully violated the TCPA in relation to Ms. Szatkiewski.

37. As a result of Defendant' wilful violations of the TCPA, Ms. Szatkiewski may recover statutory damages of up to $1,500.00 per call in violation of the statute.

### COUNT III – Michigan Occupational Code as alternative to claims under the Michigan Collection Practices Act (Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 )

38. Ms. Szatkiewski incorporates the preceding allegations by reference.

39. Williams & Fudge is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

40. Ms. Szatkiewski is a debtor as that term is defined in M.C.L. § 339.901(f).

41. Williams & Fudge 's, Doe Corporation 1's, and Doe Corporation 2's actions to collect these alleged debts against Ms. Szatkiewski constitute violations of the MOC including but not limited to M.C.L. § 339.915 and M.C.L. § 339.915a.

42. Ms. Szatkiewski has suffered damages as a result of these violations of the MOC.

43. Ms. Szatkiewski is entitled to declaratory relief, establishing her rights relative to Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 that she does not owe any money for the debts that these Defendants sought to collect from her.

44. Ms. Szatkiewski is entitled to injunctive relief barring any further collection activity by Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 in relation to the debts that these Defendants sought to collect from her.

45. These violations of the MOC were willful.

## COUNT IV – Michigan Collection Practices Act as alternative to claims under the Michigan Occupational Code
## (Williams & Fudge, Doe Corporation 1, and Doe Corporation 2)

46. Ms. Szatkiewski incorporates the preceding allegations by reference.

47. Williams & Fudge is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

48. Williams & Fudge 's, Doe Corporation 1's, and Doe Corporation 2's actions to collect these alleged debts against Ms. Szatkiewski constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* including, but are not limited to M.C.L. § 445.252.

49. Ms. Szatkiewski has suffered damages as a result of these violations of the MCPA.

50. Ms. Szatkiewski is entitled to declaratory relief, establishing her rights relative to Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 that she does not owe any money for the debts that these Defendants sought to collect from her.

51. Ms. Szatkiewski is entitled to injunctive relief barring any further collection activity by Williams & Fudge, Doe Corporation 1, and Doe Corporation 2 in relation to the debts that

these Defendants sought to collect from her.

52. These violations of the MCPA were willful.

## Demand for Jury Trial

53. Plaintiff demands trial by jury in this action.

## Demand for Judgment for Relief

54. *Accordingly, Ms. Szatkiewski requests that the Court grant:*

   a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   b. *A declaration that Ms. Szatkiewski is not the debtor of the Defendants, owes them or their principals no money, and an injunction against any further collection.*

   c. *Statutory damages.*

   d. *Not less than treble her actual damages.*

   e. *Statutory costs and attorney fees.*

Respectfully Submitted,

By: s/ Ian B. Lyngklip
Ian B. Lyngklip (P47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Jennifer Szatkiewski
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Ian@MichiganConsumerLaw.com

Dated: January 21, 2014